Chen v. Garland

BIA
Wilson, IJ
A089 479 986

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of March, two thousand twenty-two.

PRESENT:
        **ROSEMARY S. POOLER,**
        **RAYMOND J. LOHIER, JR.,**
        **SUSAN L. CARNEY,**
            *Circuit Judges.*

_____

**GI ZHONG CHEN,**
        *Petitioner,*

        **v.**                                    **19-1063**
                                                   **NAC**

**MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,**
        *Respondent.*

_____

**FOR PETITIONER:**         John Son Yong, Law Office of John Yong, New York, NY.

**FOR RESPONDENT:**         Brian M. Boynton, Assistant Attorney General; Matthew B. George, Senior Litigation Counsel; Craig W. Kuhn, Trial Attorney, Office of Immigration Litigation, United States Department of

Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gi Zhong Chen, a native and citizen of the People's Republic of China, seeks review of a March 27, 2019 decision of the BIA affirming a January 3, 2018 decision of an Immigration Judge ("IJ") denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gi Zhong Chen,* No. A089 479 986 (B.I.A. Mar. 27, 2019), *aff'g* No. A089 479 986 (Immig. Ct. N.Y. City Jan. 3, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528 (2d Cir. 2006). We review competency and adverse credibility findings for substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018); *see also Diop v. Lynch*, 807 F.3d 70, 75 (4th Cir. 2015). We find no error in the agency's findings that

Chen was competent to testify and not credible as to his claim that family planning officials in China forced his wife to terminate a pregnancy, caused her to suffer a miscarriage, and beat him.

We start with our conclusion that the agency did not err in finding Chen competent to proceed with his removal proceedings. "[A]n alien is presumed to be competent to participate in removal proceedings." *Matter of M-A-M-*, 25 I. & N. Dec. 474, 477 (B.I.A. 2011). "[A] lack of competency in civil immigration proceedings does not mean that the hearing cannot go forward; rather, procedural fairness is required." *Id.* at 479. "[T]he test for determining whether an alien is competent to participate in immigration proceedings is whether he or she has a rational and factual understanding of the nature and object of the proceedings, can consult with the attorney or representative if there is one, and has a reasonable opportunity to examine and present evidence and cross-examine witnesses." *Id.* Here, Chen submitted a psychiatric evaluation stating that he was able to testify despite his cognitive impairment; he testified in a way that was responsive to the questions posed to him; and

3

the IJ accommodated him by posing simpler questions when necessary. *See id.* at 477, 479.

Second, Chen waived any challenge to the IJ's specific inconsistency and lack of corroboration findings that formed the bases for the agency's adverse credibility determination. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (finding that petitioner abandons issues and claims not raised in his brief). Those findings are supported by the record, which shows that Chen presented inconsistent evidence regarding whether his mother or wife told him of his wife's 2002 abortion, whether his wife lived in hiding for two weeks or four months, and whether he was beaten during his second encounter with family planning officials. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Hong Fei Gao*, 891 F.3d at 78–79 (providing that an omission may be significant if the "facts are ones that a credible petitioner would reasonably have been expected to disclose

4

under the relevant circumstances"). Chen also did not submit corroborating evidence that might have rehabilitated his credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question.").

Given the inconsistency and corroboration findings, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). That determination is dispositive of asylum, withholding of removal, and CAT relief because the claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5